UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEREK SLOANE,

                              Plaintiff,

      v.                                              9:20-CV-1504
                                                              (GLS/CFH)

SGT. TURRIGLIO et al.,

                              Defendants.
_____

APPEARANCES:

DEREK SLOANE
Plaintiff, pro se
28051
Putnam County Correctional Facility
3 County Center
Carmel, NY 10512

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

      On December 7, 2020, pro se plaintiff Derek Sloane filed a civil rights Complaint and an application to proceed in forma pauperis. Dkt. No. 1 ("Compl.") and Dkt. 2 ("IFP Application"). At the time Plaintiff commenced this action, he was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) at Coxsackie Correctional Facility ("Coxsackie C.F."). Compl. at 2.

      On December 7, 2020, Plaintiff notified the Clerk that he was released from custody and provided a new address. Dkt. No. 5. In an Order issued on January 5, 2021 (the "January Order"), the Court denied Plaintiff's IFP Application as moot and advised Plaintiff

1

that, if he wished to proceed with this action, he must, within thirty (30) days either: (1) pay the filing fee of $402.00 in full, or (2) submit a signed IFP Application outlining his current financial condition and demonstrating economic need.  Dkt. No. 7 at 2.

On January 19, 2021, Plaintiff provided the Court with a Notice of Change of Address indicating that he is now confined at Putnam County Jail, 3 County Center, Carmel, New York 10512.  *See* Dkt. No. 8.  On January 28, 2021, Plaintiff filed a letter request seeking "forms" so that he may comply with the January Order.  *See* Dkt. No. 9.

## II.  DISCUSSION

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced, unless an IFP Application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act (PLRA), provides, in pertinent part, that an IFP Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  In accordance with Local Rule 5.1.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application.  N.D.N.Y. L.R. 5.1.4(b)(1)(A).[1]

---

[1] A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility.  The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

Local Rule 5.1.4 further provides that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.1.4(b)(2)(A).[2]

In light of Plaintiff's pro se status, the Court will afford him another opportunity to comply with the filing fee requirements for this action. If Plaintiff fails to timely comply, this action will be dismissed without prejudice without further Order of the Court.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, either: (1) pay the $402.00 filing fee in full, or (2) submit an IFP Application which has been completed and signed by him and which has been certified by an appropriate official at his facility[3]; and it is further

**ORDERED** that, in the event Plaintiff fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court**; and it is further

**ORDERED** that, upon Plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff. The Clerk is directed to send Plaintiff a blank IFP Application; and shall also send Plaintiff a

---

[2] Upon compliance with the filing fee requirements, the Court must consider Plaintiff's IFP Application in light of the three-strikes provision of 28 U.S.C. § 1915(g) and, if appropriate, review the Complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

[3] As noted, certified account statements may be submitted in lieu of the completed certificate portion of the IFP Application.  *See* 28 U.S.C. § 1915(a)(2).

second copy of this Decision and Order, which Plaintiff may provide to the inmate accounts office at his facility along with his request for certification of his completed and signed IFP Application (and/or certified copies of his inmate account statements).

**IT IS SO ORDERED.**

January 29, 2021
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge