UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEREK SLOANE,

                              Plaintiff,

           v.                                                9:20-CV-1504
                                                                 (GLS/CFH)

SGT. TURRIGLIO et al.,

                              Defendants.
_____

APPEARANCES:

DEREK SLOANE
Plaintiff, pro se
28051
Putnam County Correctional Facility
3 County Center
Carmel, NY 10512

GARY L. SHARPE
Senior United States District Judge

**ORDER**

      Plaintiff commenced this civil rights action in December 2020, by filing a pro se complaint. Dkt. No. 1 ("Compl."). At the time, plaintiff was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), and sought leave to proceed in forma pauperis (IFP). Dkt. No. 2 ("IFP Application"). Plaintiff also filed an application for an Order directing service by the U.S. Marshall. Dkt. No. 4. Plaintiff was subsequently released from DOCCS' custody, and, in an Order issued on January 5, 2021, the Court denied plaintiff's IFP Application, as moot, and advised that, if he wished to proceed with this action, he must, within thirty (30) days either pay the filing fee in full, or submit a

signed IFP Application outlining his current financial condition and demonstrating economic need.[1]  Dkt. No. 7 at 2.

On January 19, 2021, plaintiff provided the Court with a Notice of Change of Address, which indicated that he was confined at Putnam County Jail, 3 County Center, Carmel, New York 10512.  Dkt. No. 8.  In a Decision and Order filed on January 29, 2021, the Court advised plaintiff that he must, within thirty (30) days, either pay the filing fee in full, or submit an IFP Application completed and signed by him and certified by an appropriate official at his facility.  Dkt. No. 10 at 3.

In February 2021, plaintiff filed a second IFP application.  Dkt. No. 11.  In a Decision and Order filed on March 23, 2021 (the "March Order"), the Court found that the "three strikes" provision of Section 1915(g) barred plaintiff from proceeding IFP and found that the allegations in the Complaint were insufficient to invoke the "imminent danger" exception to the "three strikes" rule.  *See generally* Dkt. No. 14.  Plaintiff was advised that the action would be dismissed unless he paid the Court's filing fee, in full.  *Id*.  In April 2021, the Court denied plaintiff's motion for reconsideration of the March Order and afforded him another opportunity to comply with the March Order.  Dkt. No. 16.  Plaintiff was advised that the action would be dismissed unless, within thirty (30) days of the date of the Decision and Order, plaintiff remitted the Court's filing fee.  *Id*.

On May 5, 2021, the Court received a letter from plaintiff requesting that the Court "dismiss this action with prejudice and close this matter."  Dkt. No. 17.  The Court construes plaintiff's letter request as a notice of voluntary dismissal.

---

[1]  Plaintiff's motion for service by the U.S. Marshal, (Dkt. No. 4), was held in abeyance.  Dkt. No. 7 at 2 n.6.

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  Rule 41(a) further provides that, unless the notice provides otherwise, "the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).

As of the date hereof, plaintiff has not complied with the filing fee requirements for this action and, as a result, the Court has not considered the sufficiency of his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b) and directed service on one or more of the named defendants.

In light of the foregoing, plaintiff's notice of dismissal, which specifies that the dismissal is with prejudice, (Dkt. No. 17), was effective upon filing and the matter is dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that, in accordance with Fed. R. Civ. P. 41(a), this action is voluntarily dismissed with prejudice (Dkt. No. 17); and it is further

**ORDERED** that plaintiff's letter motion for an Order directing service by the U.S. Marshal (Dkt. No. 4) is **DENIED as moot**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

May 27, 2021
Albany, New York

*Gary L. Sharpe*
U.S. District Judge